**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ASADALI MERCHANT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2410-R** |
| **DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Asadali Merchant, a noncitizen proceeding pro se,[1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge David R. Russell referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondents filed a response to the petition, Doc. 11, and Petitioner filed a reply. Doc. 12. So, the matter is at issue.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

For the reasons below, the undersigned recommends that the Court grant the petition in part and order Respondents to release Petitioner on an appropriate order of supervision (OOS).

## I. Factual background and procedural history.

Petitioner entered the United States as a minor child on April 17, 1986. Doc. 11, at 1. On November 25, 2003, Petitioner was convicted of felony possession with intent to deliver a controlled substance and sentenced to ten years' probation. *Id.* The Department of Homeland Security (DHS) placed him in removal proceedings in January 2004, and on February 26, 2004, an Immigration Judge ordered him removed to Pakistan. *Id.* at 1-2 & Ex. 3. Petitioner did not appeal this order. *Id.* at 2. DHS released him on an Order of Supervision (OOS) on July 9, 2004. Doc. 1, at 5. On August 6, 2025, Immigration and Customs Enforcement's Enforcement and Removal Operations (ICE ERO) took Petitioner into custody. Doc. 11, at 2. He remains detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1, at 1.

ICE ERO has tried to verify Petitioner's nationality and citizenship. Doc. 11, at 2. The United Arab Emirates and Pakistan have each denied travel document requests. *Id.* Ex. 1, at 2-3. The latest denial was in July 2026. *Id.*

## II. Petitioner's claim.

Petitioner argues that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), he has shown good reason to believe there is no significant likelihood of his removal in the foreseeable future. Doc. 1, at 3. He seeks his immediate release and an order restraining Respondents from re-detaining him without proper notice and a change in circumstances. *Id.* at 4.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## IV. Petitioner is entitled to relief under § 1231 and *Zadvydas*.

Under § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" The 90-day period is known as the "removal period." *Id.* After the removal period expires, ICE has the discretion to continue to detain certain

classes of noncitizens. *Id.* § 1231(a)(6). The "basic purpose" of § 1231 is "assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699.

However, detention of a noncitizen subject to an administratively final order of removal may not be "indefinite," and the Supreme Court set the "presumptively reasonable period of detention" under § 1231(a)(6) at six months. *Id.* at 699, 701; *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005) (reiterating "the reasonable period of post-removal detention is presumptively six months"); *Roble v. Pontesso*, 90 F. App'x 334, 336 (10th Cir. 2004) (describing that "[a]s the possibility of removal becomes remote," the purpose of securing a noncitizen's appearance at immigration proceedings "drops out"). "*Zadvydas*'s six-month [reasonableness] presumption applies only to the first six months that elapse after the removal period is triggered." *Abedi v. Carter*, --- F.4th ---, No. 25-3179, 2026 WL 3149141, at *26 (10th Cir. Oct. 21, 2026). "After this six–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," Respondents "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

A petitioner has the initial burden to show that it has been more than six months after the beginning of the 90-day removal period or rebut the

presumption of reasonableness if it has been less than six months and must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.*; *see also Abedi*, 2026 WL 3149141, at *26. If a petitioner meets their initial burden, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

**A. The application of § 1231 to Petitioner's detention.**

Petitioner argues Respondents have taken no steps to remove him in the past twelve months. Doc. 1, at 3-4. Respondents argue that the years-long delay in executing his removal stems from the inability to secure travel documents to his birth country. Doc. 11, at 6. Respondents state they are working diligently to secure Petitioner's removal to a third country and that ICE ERO has successfully used this process "many times in recent months." *Id.*

Under § 1231(a)(2), the Attorney General "shall" detain noncitizens throughout the "removal period." The removal period begins following a removal order. 8 U.S.C. § 1231(a)(1)(A). A removal order may become administratively final—prompting the start of the removal period— "upon expiration of the time allotted for an appeal if the [noncitizen] does not file an appeal within that time[.]" *See* 8 C.F.R. § 1241.1(c). Certain classes of

noncitizens, including those found to be removable under § 237(a)(2) of the INA, may be detained beyond the removal period. 8 U.S.C. § 1231(a)(6).

Petitioner was ordered removed on February 26, 2004. Doc. 11, Ex. 3. Because Petitioner did not appeal the IJ's decision, since February 26, 2004, Petitioner has been subject to a final administrative removal order. *See* 8 C.F.R. § 1241.1(c).

### B. Petitioner has met his initial burden under *Zadvydas*.

The undersigned concludes that Petitioner has met his initial burden under *Zadvydas*. "*Zadvydas*'s six-month [reasonableness] presumption applies only to the first six months that elapse after the removal period is triggered." *Abedi*, 2026 WL 3149141, at *26. Detention within the first six months following the start of the removal period is therefore presumptively reasonable. *See id*.

The undersigned finds that Petitioner has demonstrated that his detention exceeds the *Zadvydas* six-month threshold. *See Abedi*, 2026 WL 3149141, at *26. To satisfy the burden under *Zadvydas*, a petitioner "must demonstrate the existence of either institutional barriers to repatriation or obstacles particular to his removal." *Dusabe v. Jones*, No. CIV-24-464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025); *see also Khaliq v. Noem*, 828 F. Supp. 3d 1260,

1267-68 (W.D. Okla. 2026) (confirming that Judges in this District have "looked to whether the petitioner has demonstrated institutional barriers to repatriation or obstacles particular to his removal"). A petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702. Rather, a petitioner need only demonstrate that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701.

Here, the undersigned finds that Petitioner has met his initial burden under *Zadvydas*. Petitioner's showing rests on more than the passage of time. Pakistan and the United Arab Emirates have denied requests for travel documents, most recently in July 2026. Doc. 11, Ex. 1, at 2-3. Considered together with the duration of Petitioner's detention and the absence of concrete progress toward removal to a third country, these circumstances provide good reason to believe that removal is not significantly likely in the reasonably foreseeable future. *See also Douglas v. Baker*, 812 F. Supp. 3d 525, 530 (D. Md. 2025) (finding that passage of time coupled with "the absence of any evidence that the government has used that time to advance efforts to remove" the petitioner demonstrates that petitioner's detention was no longer authorized by *Zadvydas*).

### C. Respondents cannot show Petitioner's removal is likely in the foreseeable future.

Since detaining Petitioner in August 2025, ICE has failed to make meaningful progress in securing his removal. Respondents refer generally to removal to a third country but provide no evidence of an inquiry, response, acceptance, anticipated issuance of travel documents, or other concrete development. Doc. 11, at 6. *See also Vishal v. Chestnut*, 811 F. Supp. 3d 1179, 1184 (E.D. Cal. 2025) (finding that petitioner satisfied his burden when he alleged that respondents "failed to provide notice of any progress that has been made over the past seven months to effectuate [petitioner's] removal"); *Trejo v. Warden of ERO El Paso E. Mont.*, No. EP-25-CV-401-KC, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025) (finding that petitioner met his burden by demonstrating, in part, "that ICE has not identified a third country that will accept him"). Respondents identify no removal date, travel arrangements or documents, or any other progress. *See Bui v. Bondi*, No. CIV-26-91-J, 2026 WL 788947, at *5 (W.D. Okla. Mar. 20, 2026) (finding that a lack of response from the country of removal "reinforces that removal is not significantly likely in the reasonably foreseeable future" (citing *Qui v. Carter*, 2025 WL 2770502, at *4 (D. Kan. Sep. 26, 2025) (noting "no activity in the last three months"))).

Because Petitioner has established good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, Respondents must provide evidence sufficient "to rebut that showing." *Zadvydas*, 533 U.S. at 701.

In sum, Respondents have not provided evidence sufficient to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. So, the undersigned recommends that the Court grant Petitioner's petition and order his immediate release subject to an appropriate OOS. *See, e.g.*, *Bui*, 2026 WL 788947, at *5-6 (ordering the petitioner's immediate release "subject to an appropriate Order of Supervision" after finding a due process violation based on the petitioner's prolonged detention with no reasonable likelihood of removal to Vietnam).

**V. Recommendation and notice of right to object.**

The undersigned recommends that the Court grant the petition and order his immediate release subject to an appropriate OOS. The Court should further order Respondents to certify compliance by filing a status report within five business days of the Court's order. The undersigned also recommends that the Court order Respondents to comply with all applicable laws and regulations before any future re-detention of Petitioner, including any applicable exercises of discretion, notice, and opportunity to be heard.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 25, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[2] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[2] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").